**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: Occupant Safety Restraint Systems | |
| THIS DOCUMENT RELATES TO: Rush Truck Centers of Arizona, Inc., et al., Plaintiffs, v. TRW Automotive Holdings Corp., et al., Defendants. | No: 2:15-cv-00607 No: 2:15-cv-12050 **ORAL ARGUMENT REQUESTED** |

**MOTION TO DISMISS TRUCK AND EQUIPMENT DEALERS' CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

PLEASE TAKE NOTICE that, by their counsel listed below, Takata Corporation and TK Holdings Inc. ("Defendants") respectfully move this Court for an Order pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) dismissing all claims in the Truck and Equipment Dealers Class Action Complaint (ECF No. 1) ("Complaint" or "Compl."). This motion is based on the supporting memorandum of law, which incorporates by reference and fully adopts arguments previously made to the Court in the Memorandum of Law in Support of the T.Rad Defendants and Calsonic Kansei North America, Inc.'s Motion to Dismiss the Truck and Equipment Dealers' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) ("Radiators Motion to Dismiss"), *Rush Truck Centers of Alabama, Inc., et.*

*al. v. Calsonic Kansei Corp., et. al.*, No. 2:15-cv-14097, Dkt. 30 (E.D. Mich. July 1, 2016), and argued before the Court on November 16, 2016, in addition to oral argument of counsel, and such other and further material as the Court may consider. Arguments identical to those made in the Radiators Motion to Dismiss are briefly repeated.

As required by Local Rule 7.1(a), counsel for Defendants sought concurrence from counsel for the Truck and Equipment Dealership Plaintiffs on February 3, 2017 by telephone. Counsel for Defendants generally explained the nature of this motion and its legal basis and requested, but did not obtain, concurrence in the relief sought (i.e., dismissal of the Complaint).

Dated: February 3, 2017                                        Respectfully submitted,

| David M. Zinn<br>John E. Schmidtlein<br>Samuel Bryant Davidoff<br>**Williams & Connolly LLP**<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>202-434-5000<br>Fax: 202-434-5029<br>dzinn@wc.com<br>jschmidtlein@wc.com<br>sdavidoff@wc.com | By: /s/ Robert J. Wierenga<br>Robert J. Wierenga<br>Suzanne L. Wahl<br>**Schiff Hardin LLP**<br>350 S. Main Street, Suite 210<br>Ann Arbor, MI  48104<br>734-222-1500<br>Fax: 734-222-1501<br>rwierenga@schiffhardin.com<br>swahl@schiffhardin.com |
|---|---|
| **COUNSEL FOR DEFENDANTS TAKATA CORPORATION AND TK HOLDINGS INC.** ||

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: Occupant Safety Restraint Systems | |
| THIS DOCUMENT RELATES TO: Rush Truck Centers of Arizona, Inc., et al., Plaintiffs, v. TRW Automotive Holdings Corp., et al., Defendants. | No: 2:15-cv-00607 No: 2:15-cv-12050 **ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF**
**TAKATA CORPORATION AND TK HOLDINGS INC.'S MOTION TO DISMISS THE TRUCK AND EQUIPMENT DEALERS' CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF THE ISSUES PRESENTED ............................................................... iv

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES ................... v

INTRODUCTION ................................................................................................................ 1

ARGUMENT ........................................................................................................................ 2

I. PLAINTIFFS LACK ARTICLE III STANDING TO BRING CLAIMS ON BEHALF OF EQUIPMENT OR BUS DEALERS. ........................................................... 2

II. PLAINTIFFS FAIL TO PLEAD FACTS PLAUSIBLY SUGGESTING A CONSPIRACY AFFECTING OSS FOR TRUCKS & EQUIPMENT. .............................. 4

    A. Standard of Review ................................................................................................ 4

    B. Plaintiffs Allege Nothing To Connect OSS Used in Passenger Vehicles to OSS Used in Trucks and Equipment .................................................................... 5

III. PLAINTIFFS CANNOT RELY SOLELY ON A PASSENGER VEHICLE CONSPIRACY TO SATISFY *TWOMBLY* AND SIMULTANEOUSLY CLAIM THE RELEVANT STATUTES OF LIMITATIONS WERE TOLLED. ........................... 8

IV. THE COURT SHOULD DISMISS PLAINTIFFS' STATE LAW CLAIMS ON STATUTORY OR OTHER GROUNDS ...................................................................... 10

CONCLUSION .................................................................................................................. 11

Exhibit A ........................................................................................................................ A-1

Exhibit B ........................................................................................................................ B-1

## **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .....................................................4, 6

*Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430 (6th Cir. 2012) ....................................5

*Dapeer v. Neutrogena Corp.*, 95 F. Supp. 3d 1366, 1373 (S.D. Fla. 2015) ....................3

*Germain v. Teva Pharm., U.S.A., Inc. (In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.)*, 756 F.3d 917 (6th Cir. 2014) ......................................................6

*In re Auto. Parts Antitrust Litig.*, No. 14-14451, 2015 WL 10372437 (E.D. Mich. Dec. 30, 2015) ...............................................................................................................6

*Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598 (6th Cir. 2007) ...................2

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .....................................................3

*NAACP v. Snyder*, 879 F. Supp. 2d 662 (E.D. Mich. 2012) (per curiam) .......................9

*Stuart & Sons, L.P. v. Curtis Publ'g Co.*, 456 F. Supp. 2d 336 (D. Conn. 2006) .........10

*Sundance Apartments I, Inc. v. G.E. Capital Corp.*, 581 F. Supp. 2d 1215 (S.D. Fla. 2008) .......................................................................................................................10

### **STATE CASES**

*McCue v. Franklin*, 131 P.2d 704 (Kan. 1942) ............................................................10

*State ex rel. Leech v. Levi Strauss & Co.*, No. 79-722-III, 1980 WL 4696 (Tenn. Ch. Sept. 25, 1980) ...................................................................................................10

## OTHER AUTHORITIES

Ariz. Rev. Stat. § 44-1410(B) ...................................................................................................10

Cal. Bus. & Prof. Code § 16750.1 ............................................................................................10

Cal. Bus. & Prof. Code § 17208 ...............................................................................................10

D.C. Code § 28-4511(b).............................................................................................................10

Dave Phillips, *FBI raids Auburn Hills automotive supplier*, Oakland Press News,
    Feb. 9, 2011......................................................................................................................9

Dustin Walsh, *Antitrust investigation leads FBI to raid TK Holdings in Auburn
    Hills*, Crain's Detroit Business, Feb. 9, 2011 .................................................................9

Fed. R. Civ. P. 12(b)(1)...............................................................................................................1

Fed. R. Evid. 201(b).....................................................................................................................9

Fla. Stat. Ann. § 95.11(3)(f).....................................................................................................10

Haw. Rev. Stat. § 480-24(a).....................................................................................................10

Ill. Comp. Stat. 10/7 .................................................................................................................10

Iowa Code Ann. § 553.16(2)....................................................................................................10

Kan. Stat. Ann. § 60-306 .........................................................................................................10

Kan. Stat. Ann. § 60-512 .........................................................................................................10

Mass. Gen. Laws Ann. Ch. 93, § 13 .......................................................................................10

Minn. Stat. Ann. § 325D.64(1) ................................................................................................10

N.C. Gen. Stat. Ann. § 75-16.2................................................................................................10

N.H. Rev. Stat. Ann. § 356:12(II)............................................................................................10

N.M. Stat. Ann. § 57-1-12 .......................................................................................................10

Neb. Rev. Stat. Ann. § 25-212.................................................................................................10

S.C. Code Ann. § 15-3-530......................................................................................................10

S.C. Code Ann. § 39-5-150......................................................................................................10

Utah Code Ann. § 76-10-3117(2) ............................................................................................10

## **STATEMENT OF THE ISSUES PRESENTED**

1. Whether the Truck and Equipment Dealership named Plaintiffs have Article III standing to assert claims arising from the sale of Equipment or buses as defined in the Complaint, where the named Plaintiffs have not purchased, marketed, or sold any such Equipment and Plaintiffs do not allege that Defendants sold any occupant safety restraint systems to the bus OEMs whose bus occupant safety restraint systems Plaintiffs carry.

2. Whether the Truck and Equipment Dealership Plaintiffs' conclusory allegation that Defendants participated in a conspiracy with respect to occupant safety restraint systems sold to Truck and Equipment manufacturers is sufficient to state a claim under *Twombly* where the Complaint contains no plausible factual allegations that the Defendants individually ever marketed or sold those products to Truck and Equipment manufacturers—much less that they conspired as to those sales, and where the Complaint's only non-conclusory allegations relating to Defendants describe guilty pleas as to a conspiracy affecting different products sold in a different market to different customers that the Complaint expressly excludes from this case.

3. Whether the Court should dismiss Plaintiffs' claims that are subject to three- and four- year statutes of limitations because Plaintiffs did not file the Complaint until June 6, 2015, where publicity of antitrust investigations into a price-fixing conspiracy among occupant safety restraint systems suppliers in the auto parts industry, upon which Plaintiffs' allegations depend, was widespread by February 2011, at the latest, and Plaintiffs have not alleged any basis for tolling the running of the relevant limitations period beyond that time.

4. Whether Plaintiffs' state antitrust and unjust enrichment claims are deficient for certain state-specific reasons.

# **STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

*Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430 (6th Cir. 2012)

*Germain v. Teva Pharm., U.S.A., Inc. (In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.)*, 756 F.3d 917 (6th Cir. 2014)

*In re Auto. Parts Antitrust Litig.*, No. 14-14451, 2015 WL 10372437 (E.D. Mich. Dec. 30, 2015)

*Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598 (6th Cir. 2007)

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)

*NAACP v. Snyder*, 879 F. Supp. 2d 662 (E.D. Mich. 2012) (per curiam)

**Rule**

Fed. R. Civ. P. 12(b)(1)

Fed. R. Civ. P. 12(b)(6)

**INTRODUCTION**

This is an indirect purchaser action in which certain truck dealers allege an antitrust conspiracy affecting what they broadly define as Occupant Safety Restraint Systems ("OSS"),[1] and conclude that since antitrust violations occurred with respect to OSS for certain passenger vehicles, it necessarily follows that antitrust violations must have also occurred with respect to Truck and Equipment parts. As explained in this Motion, nothing alleged in the Complaint supports this far-reaching inference.

As an initial matter, Plaintiffs lack standing to assert claims related to OSS for buses and equipment. No named plaintiff sells construction equipment, mining equipment, agricultural equipment, or railway vehicles ("Equipment"); however, Plaintiffs assert claims for these products. Similarly, Plaintiffs sell buses produced by four original equipment manufacturers ("OEMs") according to their website; however, the Complaint does not allege that Defendants sold OSS to any of those four bus OEMs. Since Plaintiffs do not have standing to sue about items they do not sell, or where they have no actual injury, Plaintiffs lack standing to sue with respect to bus and equipment OSS. Therefore, the Court should dismiss all bus and equipment claims pursuant to Federal Rule of Civil Procedure 12(b)(1).

Plaintiffs do not plead facts that establish a conspiracy affecting truck parts. They allege no specifics as to who did what with respect to OSS used in Trucks and Equipment. Instead their Complaint provides only unsubstantiated conclusions that there must have been antitrust violations affecting truck and equipment OSS, failing to meet the requirements in *Twombly*. In

---

[1] The Complaint defines OSS as "generally comprised of the parts in a vehicle that protect drivers and passengers from bodily harm," and that include "seat belts, airbags, steering wheels, and steering systems." Compl. ¶ 2.

place of factual allegations, the Complaint relies on a prohibited propensity argument that asserts that if Defendants can plausibly be alleged to have engaged in bad acts with respect to parts for passenger vehicles, then surely they must have done the same for truck parts. The Court has previously rejected such arguments in other contexts, specifically in the *Wire Harness* Truck and Equipment case with respect to the Fujikura and Mitsubishi Electric Defendants. The Court was clear that anticompetitive conduct with respect to passenger vehicles is insufficient to support an inference of anticompetitive conduct in the separate market for Trucks and Equipment. That conclusion is applicable here. The lack of factual support to establish any conspiracy affecting Truck and Equipment parts is fatal to the Complaint and requires this action be dismissed.

Moreover, even if the Court concludes Plaintiffs' prohibited propensity argument is sufficient to state a claim under *Twombly,* Plaintiffs' claims subject to three and four-year statutes of limitations must be dismissed. Plaintiffs cannot simultaneously rely only on allegations regarding antitrust violations with respect to passenger vehicles as sufficient to state their claims for Trucks and Equipment, and then deny that those very same public allegations regarding antitrust violations for passenger vehicles put them on notice of their claims. Under either scenario, Plaintiffs' claims must be dismissed.

Finally, Plaintiffs' claims under the laws of various states that do not permit such claims must be dismissed.

## ARGUMENT

### I. PLAINTIFFS LACK ARTICLE III STANDING TO BRING CLAIMS ON BEHALF OF EQUIPMENT OR BUS DEALERS.

Standing is a threshold issue that must be decided at the start of a case, and not at class certification. *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007)

2

("Congress 'cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'"(citation omitted)).

Not one of the named Plaintiffs deal in Equipment, or in buses for which Defendants are alleged to sell OSS. Plaintiffs' catch-all definition of "Trucks and Equipment" obscures this point by defining that term collectively as:

> medium-duty (Class 4, 5, 6, & 7) trucks and heavy-duty (Class 8) trucks, buses, commercial vehicles (excluding automobiles, light trucks, vans, sports utility vehicles, and/or similar motor vehicles sold by automobile dealers), construction equipment, mining equipment, agricultural equipment, railway vehicles, and other similar vehicles.

Compl. at Intro. But the named Plaintiffs deal in trucks, and did not engage in commerce with respect to construction, mining, agricultural, or railway equipment. They therefore cannot claim injury traceable to alleged price fixing related to the purchase and sale of the latter products. Nor do Plaintiffs have injury with respect to OSS for buses, since they do not claim to sell buses made by the manufacturers to which the Defendants are alleged to sell their OSS. Absent such injury, Plaintiffs do not have Article III standing to assert a claim for Equipment or buses. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Dapeer v. Neutrogena Corp.*, 95 F. Supp. 3d 1366, 1373 (S.D. Fla. 2015) (dismissing claims for lack of Article III standing where plaintiff did not purchase certain products, because he could not allege injuries from products that he never purchased).

This argument was previously made by defendants in *Rush Truck Centers of Alabama, Inc., et. al. v. Calsonic Kansei Corp., et. al.*, i.e., the Radiators Parts Litigation, and that motion is pending before the Court. Defendants do not repeat those arguments in detail, but for efficiency incorporate by reference the arguments contained in that previous motion to dismiss regarding Plaintiffs' lack of standing to bring claims on behalf of Equipment or bus dealers. *See Rush Truck Centers of Alabama, Inc., et. al. v. Calsonic Kansei Corp., et. al.*, No. 2:15-cv-

3

14097, Dkt. 30 at 9–14 (E.D. Mich. July 1, 2016) (T.Rad Defs. & Calsonic Kansei N. Am., Inc.'s Mot. To Dismiss the Truck & Equip. Dealers' First Am. Compl. ("Radiators Motion to Dismiss")). As explained therein, since Plaintiffs did not purchase Equipment nor claim to sell buses made by the manufacturers to which the Defendants are alleged to have sold parts, they have no standing to sue over those products, and the Court should dismiss their claims for those products.

## II. PLAINTIFFS FAIL TO PLEAD FACTS PLAUSIBLY SUGGESTING A CONSPIRACY AFFECTING OSS FOR TRUCKS & EQUIPMENT.

The Complaint does not allege a single fact that evidences a conspiracy related to OSS for Trucks and Equipment. Instead the Complaint relies on allegations regarding passenger vehicle parts cases, and guilty pleas and investigations regarding passenger vehicles that have no bearing on OSS sold for use in Trucks and Equipment. Because the Complaint fails to plead a factual basis to connect the supposed dots between OSS used in passenger vehicles and OSS used in Trucks and Equipment, it should be dismissed.

### A. Standard of Review

To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The *Twombly* standard requires courts to distinguish between concrete factual allegations and mere conclusory ones. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Sixth Circuit advises that "a court should first identify factual allegations that are entitled to a presumption of [the] truth—that is, those allegations that are more than just legal conclusions." *Carrier Corp. v.*

4

*Outokumpu Oyj*, 673 F.3d 430, 444 (6th Cir. 2012). Here, the Complaint contains only conclusory allegations as to all material elements necessary for recovery.

### B. Plaintiffs Allege Nothing To Connect OSS Used in Passenger Vehicles to OSS Used in Trucks and Equipment

The Complaint lacks allegations regarding Defendants' supposed conspiratorial activity with respect to Truck and Equipment OSS; instead, Plaintiffs rely solely upon guilty pleas and investigations in the passenger vehicle context and foreign investigations of unrelated industries to incorrectly conclude that a U.S. Truck and Equipment conspiracy for OSS parts exists. Even assuming the allegations against defendants in the passenger vehicle industry are true with respect to OSS, that would not support a conspiracy as to Truck and Equipment OSS and represents nothing more than a prohibited propensity argument. The Complaint should therefore be rejected for failure to state a claim.

Plaintiffs do not allege any specific contact or communication between or among Defendants during which any agreement was reached about fixing prices as to Truck or Equipment OSS, in stark contrast to the allegations in other cases. *See* Radiators Motion to Dismiss at 18. This is a particularly notable omission given that Plaintiffs reached settlements with two other OSS Defendants in this action last year and would, therefore, have access to facts to substantiate the Complaint's conclusory allegations, if there were any. *See In re Occupant Safety Restraint Sys.*, No. 2:14-cv-00107, Doc. No. 58 (E.D. Mich. Aug. 22, 2016). Instead, Plaintiffs only point to allegations related to the passenger vehicle cases. Similarly, the Complaint also does not identify any particular RFQ that Defendants supposedly conspired to fix, despite their settlements with OSS Defendants. Instead, Plaintiffs allege how the RFQ process generally works. *See* Compl. ¶ 72.

5

Notably, Plaintiffs' 101-page Complaint contains a total of two allegations that attempt to link this case to the passenger vehicle parts case, and does so with conclusory allegations made on information and belief with no facts. Those paragraphs state:

- Upon information and belief, Defendants' employees responsible for negotiating the prices and terms for parts, including Occupant Safety Restraint Systems, were involved in sales to Truck and Equipment manufacturers as well as to automobile manufacturers. Compl. ¶ 75.

- Upon information and belief, many of the Defendants' employees who were involved in negotiating the prices of Occupant Safety Restraint Systems and other parts sold to automobile OEMs were the very same individuals involved in negotiations over the pricing on sales of the same parts for Trucks and Equipment. Compl. ¶ 172.

Plaintiffs have articulated no basis for this "information and belief," and the Sixth Circuit is clear that "[t]he mere fact that someone believes something to be true does not create a plausible inference that it is true." *Germain v. Teva Pharm., U.S.A., Inc. (In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.)*, 756 F.3d 917, 931 (6th Cir. 2014); *see also Twombly*, 550 U.S. at 551 (finding a complaint insufficient even though it said, "Plaintiffs allege upon information and belief that [defendants] have entered into a contract, combination or conspiracy to prevent competitive entry . . . ." (internal quotation marks omitted)). The Court has already rejected the argument that such allegations are enough to link a conspiracy for passenger vehicles to one for Trucks and Equipment. *See In re Auto. Parts Antitrust Litig.*, No. 14-14451, 2015 WL 10372437, at *2, *4 (E.D. Mich. Dec. 30, 2015). The successful complaints have provided much more detail to establish a plausible basis to infer supposed anticompetitive conduct with regard to the RFQ process. *See* Radiators Motion to Dismiss, at 19–20.

Even if the Court accepts Plaintiffs' allegations based on "information and belief," the guilty pleas by certain defendants regarding antitrust violations affecting other parts sold to passenger vehicle manufacturers and foreign investigations do not plausibly support allegations of a comparable conspiracy as to Trucks and Equipment. *See* Radiators Motion to Dismiss, at 21–22.

Importantly, Plaintiffs' complaint contains only one allegation about a government investigation specific to trucks, but it involves *bearings*, an unrelated part. Compl. ¶¶ 14, 164, 203. This investigation is unrelated to OSS for Trucks and Equipment, and the Complaint lacks any allegations that Defendants even make bearings for Truck or Equipment. The Complaint also references other U.S. and Japanese investigations, but similarly these too do not involve OSS or Truck and Equipment manufacturers. Instead, they involve "*industrial machinery bearings* and automotive bearings," Compl. ¶¶ 13, 163 (emphasis added), and "automobile *and internal combustion engine manufacturers*," Am. Compl. ¶¶ 15, 165 (emphasis added), and have nothing to do with the claims in this case.[2]

Given the Court's ruling that there is not "one conspiracy across component parts," an investigation into truck *bearings*, and *passenger vehicle* investigations and pleas do not create an inference of a Truck and Equipment conspiracy. *See* Radiators Motion to Dismiss, at 22–23.

---

[2] The JFTC and DOJ investigations referenced in the Complaint make no mention of any sort of vehicle or vehicle part that would be considered related to Trucks and Equipment as defined in the Complaint. *See* Compl. ¶¶ 163, 165. Plaintiffs omit any allegation that these investigations relate to OSS or Truck or Equipment manufacturers as defined in the Complaint. The allegations actually made do not satisfy their burden.

7

Moreover, other courts in the antitrust context at the motion to dismiss stage have similarly refused to assume conduct crossed parts or markets without specific allegations to link them factually. *See* Radiators Motion to Dismiss, at 23–24. Without specific allegations tying the alleged conspiracy in the passenger vehicle cases to Trucks and Equipment, Plaintiffs cannot meet the pleading requirements of *Twombly*.

The arguments above were previously made by defendants in the Radiators Motion to Dismiss. Defendants incorporate by reference the arguments contained in that previous motion to dismiss regarding Plaintiffs' propensity argument and failure to plead facts that establish that there was any conspiracy affecting Truck or Equipment parts. *See* Radiators Motion to Dismiss, at 16–24. As explained therein, because the complaint is based solely on allegations of price-fixing in connection with passenger vehicles or non-OSS truck components and contains no specific factual allegations that Defendants conspired to fix prices for OSS for Trucks and Equipment, Plaintiffs' complaint must be dismissed.

### III. PLAINTIFFS CANNOT RELY SOLELY ON A PASSENGER VEHICLE CONSPIRACY TO SATISFY *TWOMBLY* AND SIMULTANEOUSLY CLAIM THE RELEVANT STATUTES OF LIMITATIONS WERE TOLLED.

As discussed above, Plaintiffs have failed to allege facts related to OSS that suggest any conspiracy related to Truck and Equipment parts. If the Court finds that the Plaintiffs' propensity allegations are sufficient under *Twombly*, however, then it must find them time-barred as publicity into price-fixing allegations of OSS suppliers was widespread by February 2011, more than four years before Plaintiffs filed their complaint. Under either approach, Plaintiffs' claims must be dismissed.

Publicity into price-fixing investigations specific to OSS was widespread by February 2011, when Defendant TK Holdings Inc. was raided by the FBI. *See*, *e.g.*, Dustin Walsh,

8

*Antitrust investigation leads FBI to raid TK Holdings in Auburn Hills*, Crain's Detroit Business, Feb. 9, 2011 (Ex. A); Dave Phillips, *FBI raids Auburn Hills automotive supplier*, Oakland Press News, Feb. 9, 2011 (Ex. B).[3] If Plaintiffs posit that car-related facts make their claim plausible, they then cannot reasonably argue that those same facts did not create notice of their claim. Simply put, there could be no fraudulent concealment past February 2011, when publicity of the investigation into an OSS conspiracy was substantial. Moreover, if the Court accepts plaintiffs' argument that inferences of an OSS conspiracy from other conspiracies in unrelated parts is reasonable, then the date is even earlier. It is undisputed that publicity of the investigation into a wire harness conspiracy began in February 2010, and thereafter the publicity surrounding a broader antitrust investigation into automotive parts suppliers was substantial and widespread. But Plaintiffs did not file their complaint until June 6, 2015—more than four years after the February 2011 raid of Takata and more than five years after the wire harness conspiracy publicity. Accordingly, Plaintiffs' state law claims subject to four- and three-year statutes of limitations are time-barred,[4] and must be dismissed.

---

[3] On the basis of this and other articles, the Court may judicially notice that the investigations into price-fixing by auto parts suppliers, including those who manufactured and sold OSS, were widely publicized by February 2011. Courts may judicially notice any fact that is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Here, the Court need not consider the truth of the matter asserted, i.e., whether the contents of the various articles discussing the investigations are accurate. Instead, the fact that "cannot reasonably be questioned" is that these articles gave Plaintiffs notice of the price-fixing investigations as of the date of the articles' publication. *See id.*; *see also NAACP v. Snyder*, 879 F. Supp. 2d 662, 666 n.5 (E.D. Mich. 2012) (per curiam).

[4] Plaintiffs' claims under the following states' laws are subject to a limitations period of four years from accrual of the claim: Arizona (*see* Ariz. Rev. Stat. § 44-1410(B)) (antitrust claim); California (*see* Cal. Bus. & Prof. Code §§ 16750.1 (antitrust claim), 17208 (consumer protection claim)); District of Columbia (*see* D.C. Code § 28-4511(b) (antitrust claim));

9

## IV.   THE COURT SHOULD DISMISS PLAINTIFFS' STATE LAW CLAIMS ON STATUTORY OR OTHER GROUNDS.

Plaintiffs' state antitrust and unjust enrichment claims are deficient for certain state-specific reasons and should be dismissed accordingly. Defendants incorporate by reference herein, but will not repeat, the arguments made in the Radiators Motion to Dismiss regarding deficiencies in Plaintiffs' claims under the laws Hawaii, Illinois, and Massachusetts. *See* Radiators Motion to Dismiss, at 32–33, 37. For the reasons explained therein, the claims under the laws of Hawaii, Illinois, and Massachusetts should be dismissed.

---

Florida (Fla. Stat. Ann. § 95.11(3)(f); *Sundance Apartments I, Inc. v. G.E. Capital Corp.*, 581 F. Supp. 2d 1215, 1223 (S.D. Fla. 2008) (holding Florida consumer protection claims are governed by section 95.11(3)(f)); Hawaii (Haw. Rev. Stat. § 480-24(a)) (antitrust claim); Illinois (740 Ill. Comp. Stat. 10/7); Iowa (Iowa Code Ann. § 553.16(2) (antitrust claim); Massachusetts (Mass. Gen. Laws Ann. Ch. 93, § 13); Minnesota (Minn. Stat. Ann. § 325D.64(1) (antitrust claim); Nebraska (Neb. Rev. Stat. Ann. § 25-212) (antitrust claim); New Hampshire (N.H. Rev. Stat. Ann. § 356:12(II) (antitrust claim); New Mexico (N.M. Stat. Ann. § 57-1-12) (antitrust and consumer protection claims); North Carolina (N.C. Gen. Stat. Ann. § 75-16.2) (antitrust and consumer protection claims); North Dakota (N.D. Cent. Code Ann. § 51-08.1–10(1)) (antitrust claim); Utah (Utah Code Ann. § 76-10-3117(2) (antitrust claim)). The same four-year statute of limitations applies to the unjust enrichment claims in Arizona, District of Columbia, Florida, Hawaii, Illinois, Massachusetts, Minnesota, Nebraska, New Hampshire, New Mexico, North Carolina, North Dakota, and Utah. *Stuart & Sons, L.P. v. Curtis Publ'g Co.*, 456 F. Supp. 2d 336, 343 (D. Conn. 2006).

Plaintiffs' claims under the following states' laws are subject to a limitations period of three years from accrual of the claim: Kansas (Kan. Stat. Ann. § 60-512 (providing the limitations period for liability created by antitrust statute); *McCue v. Franklin*, 131 P.2d 704, 708 (Kan. 1942) (holding antitrust claim time-barred after applying the limitations period in Kan. Stat. Ann. § 60-306 (1963) (current version at Kan. Stat. Ann. § 60-512 (2016))); South Carolina (S.C. Code Ann. §§ 15-3-530, 39-5-150 (regarding antitrust claim)); Tennessee (*see State ex rel. Leech v. Levi Strauss & Co.*, No. 79-722-III, 1980 WL 4696, at *1 (Tenn. Ch. Sept. 25, 1980) (regarding private antitrust claim)); New York (N.Y. C.P.L.R. § 214(2) (consumer protection claim only)). The same three-year statute of limitation applies to the unjust enrichment claims in Kansas, South Carolina, and Tennessee. *Stuart & Sons*, 456 F. Supp. 2d at 343. For additional discussion of the application of the relevant statutes of limitations to Plaintiffs' claims, *see* No. 2:14-cv-14451-MOB-MKM, ECF No. 28, at 12–56.

10

## CONCLUSION

For the foregoing reasons, the Truck and Equipment dealers' Complaint should be dismissed with prejudice.

Dated: February 3, 2017						Respectfully submitted,

| | |
|---|---|
| David M. Zinn<br>John E. Schmidtlein<br>Samuel Bryant Davidoff<br>**Williams & Connolly LLP**<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>202-434-5000<br>Fax: 202-434-5029<br>dzinn@wc.com<br>jschmidtlein@wc.com<br>sdavidoff@wc.com | By: /s/ Robert J. Wierenga<br>Robert J. Wierenga<br>Suzanne L. Wahl<br>**Schiff Hardin LLP**<br>350 S. Main Street, Suite 210<br>Ann Arbor, MI 48104<br>734-222-1500<br>Fax: 734-222-1501<br>rwierenga@schiffhardin.com<br>swahl@schiffhardin.com |
| **COUNSEL FOR DEFENDANTS TAKATA CORPORATION AND TK HOLDINGS INC.** ||

## **CERTIFICATE OF SERVICE**

  I, Robert J. Wierenga, hereby certify that on February 3, 2017, I caused the foregoing Takata Corporation and TK Holdings Inc.'s Motion to Dismiss the Truck and Equipment Dealers Class Action Complaint to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                 /s/ Robert J. Wierenga
                 Robert J. Wierenga